Mr. Kosachuk, are you there? Good morning, Your Honor. Yes, I'm here. Okay. There you are. Great. I can see you and I can hear you. And Mr. Butler, are you there? Yes, good afternoon, Your Honor. Okay, Mr. Butler. So, Mr. Kosachuk, you have five minutes, but you've reserved two minutes for rebuttal. So, you get three out of the gate and then you'll get two more after Mr. Butler. Okay? Thank you. Good morning, Your Honors. I'm Chris Kosachuk, the pro se appellant. This is an appeal of an order granting a motion to dismiss a challenge to a void $5 million judgment by confession, which was obtained without service of process, without notice, without an opportunity to be heard, and was not in compliance with CPLR 3218, which is the New York judgment by confession statute. These facts are undisputed, and as such, this judgment by confession is void on its face as a matter of law. However, the district court dismissed my challenge, stating that the action was in substance an appeal of the judgment by confession. It was not an appeal, but rather a plenary action authorized by New York law and in some cases required. Under New York law, there are two ways to challenge the validity of a judgment by confession. One is by a motion before the court which entered the judgment by confession, and the second is by separate plenary action, which is what the district court case was. I invoked the district court's jurisdiction pursuant to diversity, and as such, the district court is sitting as a branch of the state court, which can adjudicate such a challenge. The district court ruled that it lacked jurisdiction under Rooker-Feldman because I was a quote state court loser, when in fact I was not a party to the state court litigation until after the judgment by confession was entered. The district court relied on privity to apply Rooker-Feldman. While I am in privity with NLG, Rooker-Feldman would only bar my case if my interests were adequately represented by a party to the litigation. They were not. The only participant to the judgment by confession was Raymond Houle, the president of plaintiff 91975904 Quebec Inc., who I'll refer to as Quebec, who was simultaneously claiming to be the authorized representative for defendant NLG. Attorney Darius A. Marzak was the attorney for Mr. Houle in Quebec, not NLG, and certainly not me. Thus, neither my interests nor NLG's interests were represented in the state court before the judgment by confession was entered. Now, this court's decision in Hoblock versus Albany County Board of Elections, relying on Supreme Court precedent, held that a non-party can be bound by the results of someone else's litigation when in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party. My interests were not represented at all. So, Mr. Kosenchuk, let me interrupt for a second. Let's assume we agree with you on the Rooker-Feldman, but Judge Cote also then had an alternate basis for dismissing, and that was that it was a time bomb, right? Correct. And to that, I would address that there, first, there is no statute of limitations to challenging a void judgment, because a void judgment takes on none of the characteristics of a valid judgment. And I cited to the requisite cases in my brief on that particular issue. All right. I'm just. Well, go ahead. I don't want to interrupt. I'll come back to you on that. Sorry, that's OK. And then and that does dovetail into my second point, which is that it was a reversible error for once the court had ruled that it didn't have subject matter jurisdiction, then it should have stopped. It shouldn't have said anything about whether there is or is not a statute of limitations. But I hold that there is no statute of limitations on challenging a void judgment. Thank you. All right. Any other questions for Mr. Kosenchuk? All right, Mr. Butler, we'll hear from you. Good afternoon, Your Honor. Thomas Butler for the appellee selective advisers, Your Honor. Mr. Kosenchuk addressed two separate issues that I'll address, and then I want to discuss very briefly a third issue. First, on Rooker Feldman, as your honors know, there is a four point test to determine the applicability of Rooker Feldman. I don't think that any thing is in dispute in this case other than the question of whether Mr. Kosenchuk qualifies as a state court loser. Mr. Kosenchuk has conceded, and I think the law is very clear, that parties in privity can be found to be state court losers, even if they were not parties to the state court litigation. Judge Cope found Mr. Kosenchuk was in privity with NLG, and we think there's no basis for disturbing that ruling. In particular, Mr. Kosenchuk has acted in unison with NLG throughout the course of this litigation. The claim, the underlying claim Mr. Kosenchuk made in this litigation and NLG has made in the course of this long litigation is that the, and he mentioned it again today, that the confession of judgment was improper, that it was a fraud. It was a fraud not only on Mr. Kosenchuk, but on NLG. They are both claiming the same injury, the same harm. Mr. Kosenchuk has driven the litigation on behalf of NLG. Mr. Kosenchuk has directed that litigation. He has put in declarations and affidavits claiming that it was a fraud to various different courts. Somewhat at the 11th hour, from a procedural perspective, Mr. Kosenchuk himself stepped in as a plaintiff, so to speak, as a movant in state court, and here as a plaintiff in federal court, seeking again the same relief. Demonstrating the privity, NLG intervened in that case on the plaintiff's side. It didn't appeal, and the reason we submit it didn't appeal is because as a state court loser, it would not have any basis for pursuing an appeal. So their interests, as just Judge Cote pointed out, have been totally aligned. I think the case law, if we look at it on privity, makes very clear that if the plaintiff is totally aligned with the original plaintiff, and is merely someone who has been brought in under the control of that plaintiff, that party is subject to the Rooker-Feldman doctrine. The second point that Mr. Kosenchuk raised was the statute of limitations point. Once again, there's no dispute that the case in federal court was brought more than seven years after the original judgment. Certainly more than two years after the judgment, Mr. Kosenchuk became aware of that judgment. And also, Your Honor, in addition to the CPLR provision governing fraud, there's also a separate provision that governs what I would describe as a catch-all. 213. Is that what you're talking about? 213. 213, which also was six years. So in either case, there's a statute of limitations. Mr. Kosenchuk's argument that, well, gee, this is a question of void. There's no case law supporting that, Your Honor. I mean, there are cases in an entirely different context, such as forgery, that address that. But there's no case that we've been able to locate that says all you have to do is say the judgment was void. And a judgment, by the way, that has been satisfied is void. And you can challenge it 10 years, 20 years, 50 years later. The final point, and I know I don't have much more time, we addressed at considerable length in our papers the procedural history here. This is not the first claim that Mr. Kosenchuk or NLG has made. They have been challenging this judgment in cases, cases in Pennsylvania, cases in federal court in Florida. There have been multiple applications in the state court here in New York, including an application that had been made, argued, was fully briefed. At the time, it was voluntarily discontinued. And there have been multiple decisions in those cases that we would submit have resolved many of the issues, the underlying issues. And for that reason, another alternative. And even though Judge Cote only mentioned one alternative, I think her language was there were other grounds for dismissal. Certainly collateral estoppel and res judicata would be such grounds. So that's all I have, unless your honors have questions. All right. We'll go back to Mr. Kosenchuk for two minutes. Mr. Kosenchuk, maybe you can pick up with Section 213. If this is not a fraud action, which it sort of feels like, then wouldn't it be covered by the catch all provision of the CPLR, which is another six year statute limitation? Well, no, your honor, I think there's a couple of distinctions to be made here in particular is that first off is the judgment by confession was entered on February 22nd of 2012. Neither NLG nor myself even learned of the judgment until March of 2013. And this was because the parties that actually created this judgment by confession purposely put an address on the judgment by confession for NLG that was their own address. So Plaintiff Quebec put its own address for NLG on that judgment. So when the clerk sent out the notice, NLG wouldn't actually get the notice. Now, they also went in in September of 2000, September 4th or 3rd or 4th of 2015. They, meaning Selective Advisors at this point as the assignee of Quebec, had satisfied the judgment, which should have ended all of this litigation and had Selective honored its own satisfaction. We wouldn't be here. But the problem is that post-satisfaction in 2016, August of 2016 to be precise, Selective Advisors and Selective's principal's wife, Ms. Hazan, filed an adversary complaint down in bankruptcy court in Florida, alleging that the full amount of the satisfied judgment by confession was still owed and outstanding. And therefore, they should be able to collect against NLG's legitimate bona fide mortgage foreclosure judgment. Now, these are issues I know we've kind of gotten a little bit astray here, but those are issues that are pending down in Florida. The bankruptcy court said, OK, fine, I'm going to allow them to get full faith and credit on this void judgment by confession for $5 million, even though they satisfied it two years prior. And the bankruptcy court did that on November 1st of 2017. Now, those issues are pending before the 11th Circuit, which is going to hear argument here in November. So as to the statute of limitations, I don't think the statute of limitations has run at all because it wasn't necessarily the judgment by confession being recorded in 2012 that has caused the damages. It's the subsequent activity post-satisfaction, which occurred in September of 2015, well within the six-year statute of limitations, if one exists at all. But I would still put forth to the court that a statute of limitations does not exist when challenging a void judgment. Thank you. Well, I mean, there's a section of the CPLR that says if you want to vacate a judgment, then you've got to go back to the court that issued the judgment. That's CPLR 5015. And you didn't do that, right? Because what had happened was that the judgment by confession can be challenged either back in the original court via motion or via separate plenary action. This case in the district court is the plenary action. And I don't think anybody would dispute that we have both of those remedies. So I think that the court, to the extent that the court thinks that the only that this has to be decided in state court, there's not much that I can do about that. I believe that the district court, when I invoked their jurisdiction pursuant to diversity, is sitting as a branch of the state court who can for sure hear such a challenge to a judgment by confession. OK, we'll end it there. It's been a full morning. Thank you both. We'll reserve decision on this case.